UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID VELEZ,

        Plaintiff,

  v.                                                        Case No. 07-C-571

LINN KAMIN, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Velez, through counsel, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at Waupun Correctional Institution.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support

of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Plaintiff alleges that, while incarcerated at Green Bay Correctional, on several occasions the defendants made improper sexual advances towards him and engaged in forced physical contact, including touching and holding the plaintiff down against his will. This could constitute a form of cruel and unusual punishment, in violation of the Eighth Amendment, which means the case will be allowed to proceed.

The complaint, however, also names the defendants in their official capacities. Suits against state employees in their official capacity are suits against the state itself. Thus, unless prospective injunctive relief is sought – here, it is not – such claims may not be brought under § 1983 because the state itself is not a "person" acting under color of law. *Nanda v. Board of Trustees of University of Illinois,* 303 F.3d 817, 821 (7th Cir. 2002); *Will v. Michigan Dep't State Police,* 491 U.S. 58, 71 (1989). Accordingly, to the extent the complaint seeks to bring § 1983 claims against the defendants in their official capacities, those claims are dismissed.

**IT IS ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that any § 1983 claims brought against the defendants in their official capacity are **DISMISSED**.

Nothing in this order or in § 1915A precludes a defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this   5th   day of July, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
